**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ezra Pelt,<br><br>                Plaintiff,<br><br>v.<br><br>LVNV Funding LLC,<br><br>                Defendant. | No. CV-24-00222-TUC-JGZ<br><br>**ORDER** |

    Pending before the Court is Defendant LVNV Funding LLC's (LVNV) Motion to Dismiss Plaintiff Pelt's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 7.) For the following reasons, the Court will grant Defendant's Motion.

**I.    BACKGROUND**

    On March 13, 2024, Plaintiff filed a Complaint against Defendant in Pima County Consolidated Justice Court alleging that Defendant violated the Fair Debt Collection Practice Act (FDCPA), 15 U.S.C. § 1692(e), and Section 44-1697, Fair Credit Reporting of the Arizona Revised Statutes. (Doc. 1-2 at 3.) Defendant removed the case to federal court pursuant to 28 U.S.C. § 1441. (Doc. 1 at 1.) On May 6, 2024, Defendant filed a Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure Rule 12(b)(6). (Doc. 7 at 1.) Although the Court ordered Plaintiff to file a response by June 14, 2024, Plaintiff failed to do so. (Doc. 8.)

**II.    LEGAL STANDARD**

    To survive a motion to dismiss for failure to state a claim, a plaintiff must allege

enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In general, a complaint is construed favorably to the pleader. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). This Court must take as true all allegations of material fact and construe them in the light most favorable to Plaintiff. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). Nonetheless, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor does the Court serve as an advocate for a pro se litigant in attempting to decipher a complaint. *Blaylock v. United States*, 2017 WL 2196765, at *1 (D. Ariz. Apr. 12, 2017), report and recommendation adopted, 2017 WL 2172002 (D. Ariz. May 17, 2017). If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).

### III. COMPLAINT

Plaintiff claims that "LVNV violated FDCPA § 1692e as well as Title 44 – Trade and Commerce 44-1697 – Fair credit Reporting of the 2022 Arizona Revised Statutes." (Doc. 1-3 at 3.) In support of his claim, Plaintiff alleges:

> I spoke to one of the LVNV's agent names Maria on the 4th of January, 2024 via recorded phone call and I informed them that its not a good time to pay the debt. Maria(agent) was aware that the call was not a dispute, but LVNV still marked the account 444796XXXXX as disputed on my credit report.

(Doc. 1-3 at 3.) Plaintiff states that because of Defendant's actions, he is "stressed emotionally and mentally," he has "lost his appetite" and "focus at work," and that "he has

already spent over $2082 on credit repair." (*Id.*)

## IV. ANALYSIS

### A. Plaintiff fails to state a claim under the Fair Debt Collection Practice Act.

To state a claim under the FDCPA, a plaintiff must allege: "(1) the defendant was attempting to collect a 'debt,' (2) the defendant is a 'debt collector,' (3) the plaintiff is a 'consumer,' and (4) the defendant violated at least one subsection of the FDCPA." *Hedayati v. Judge L. Firm, APC,* 2018 WL 6307872, at *2 (C.D. Cal. Jan. 16, 2018) (citing *Gutierrez v. Wells Fargo Bank*, 2009 WL 322915, at *2 (N.D. Cal. Feb. 9, 2009)).

The factual allegations contained in Plaintiff's Complaint are sparse. Plaintiff alleges that Defendant, through its agent, violated the FDCPA § 1691e by marking the debt as "disputed" on his credit report after he expressed that "[it's] not a good time to pay the debt." (Doc. 1-2 at 3.) Plaintiff's claim fails because he does not plausibly allege that the Defendant was attempting to collect a debt. Reporting a debt as "disputed" to Credit Reporting Agencies (CRAs) under §1692e(8) is not conduct made "in connection with collection" of the debt. *Drake v. Enhanced Recovery Co., LLC*, 2018 WL 1402586, at *3 (D. Or. Mar. 19, 2018); *see also Narog v. Certegy Check Servs., Inc*., 759 F. Supp. 2d 1189, 1193 (N.D. Cal. 2011) (holding that conduct that is not taken in connection with the collection of a debt is not covered by the FDCPA). Because marking an account as disputed is not conduct made in connection with the collection of the debt, Plaintiff fails to sufficiently allege the first element required to state a claim under the FDCPA. Therefore, Plaintiff fails to state a claim upon which relief can be granted.

### B. Plaintiff fails to state a claim under § 44-1697 of the Arizona Revised Statutes.

Section 44-1697, Fair Credit Reporting of the 2023 Arizona Revised Statutes, states:

A. If a consumer makes a payment on a credit or loan account to the proper address to which the payment should be directed, a person shall calculate the number of days by which an account is delinquent by determining the number of days between the scheduled due date of the payment and the date the payment was received by that person.

- 3 -

> B. If a person uses a reporting standard that requires a calculation of the number of days an account is delinquent, the person may report the delinquency based only on the number of days of the delinquency plus not more than four days.

Plaintiff fails to plausibly allege that Defendant violated § 44-1697 of the Arizona Revised Statutes. In his Complaint, Plaintiff alleges that Defendant violated § 44-1697 by marking Plaintiff's account on his credit report as "disputed." (Doc. 1-2 at 3.) However, § 44-1697 concerns only the calculation of days from which a credit or loan account is considered delinquent. *See* Ariz. Rev. Stat. § 44-1697. It does not mention or involve actions against debt collectors for misrepresenting consumers' accounts on their credit reports. It is not clear from Plaintiff's Complaint how Defendant violated § 44-1697.

Furthermore, Plaintiff's claim that Defendant violated Arizona's Fair Credit Reporting statute is pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (FCRA). Under this federal law, "[n]o requirement or prohibition may be imposed under the laws of any State … with respect to any subject matter regulated under … section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F)(ii). The FCRA pre-empts state law claims related to a furnisher's responsibility for furnishing information. *Royal v. Equifax*, 405 F. Supp. 2d 1177, 1181 (E.D. Cal. 2005). Because Plaintiff's claim is related to the furnishment of information to CRAs by Defendant, Plaintiff's claim is pre-empted by the FCRA. Accordingly, Plaintiff fails to state a claim under Arizona's Fair Credit Reporting statute.

## V.     Amendment

The Court finds that dismissal with leave to amend is appropriate. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded by statute as stated in *Akhtar v. Mesa*, 698 F.3d 1202 (2012) (leave to amend is liberally granted unless absolutely clear deficiencies cannot be cured by amendment). The Court has provided the reasons for the dismissal to permit Plaintiff to make an intelligent decision whether to file an Amended Complaint. *See Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962).

An amended complaint supersedes the original. *Hal Roach Studios v. Richard*

*Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). Any Amended Complaint filed by Plaintiff must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. An Amended Complaint must be clearly designated as an Amended Complaint on the face of the document and formatted in compliance with L.R.Civ 7.1. Plaintiff is advised that if an Amended Complaint fails to state a claim upon which relief can be granted, the Court will likely dismiss this action. Additionally, Plaintiff is advised that if he fails to timely comply with every provision of this Order, this action will be dismissed pursuant to Fed. R. Civ. P. 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (noting that a district court may dismiss action for failure to comply with any order of the Court).

**VI.   Notice regarding resources for self-represented litigants**

Plaintiff is advised of resources available to self-represented parties on the District Court website at https://www.azd.uscourts.gov/proceeding-without-attorney-0. Notably, the webpage contains: (1) a Handbook for Self-Represented Litigants at https://publicapps.azd.uscourts.gov/prose-survey/; (2) the Federal Rules of Civil Procedure and Local Rules of Practice for the District of Arizona (also known as the Local Rules of Civil Procedure, Local Rules, or LRCiv); and (3) information about accessing free civil legal help with an attorney through Step Up To Justice at https://www.azd.uscourts.gov/federal-court-advice-only-clinic-tucson.

//
//
//
//
//
//
//
//
//
//

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 7) is **granted**.
2. Plaintiff's Complaint (Doc. 1) is **dismissed** without prejudice, with leave to amend. Plaintiff has **twenty (20) days** from the date this Order is filed to file a first amended complaint in compliance with this Order.
3. If Plaintiff fails to file a first amended complaint within **twenty (20)** days of the filing date of this Order, the Clerk of the Court is directed to enter a judgment of dismissal, without prejudice, without further notice to Plaintiff.

Dated this 14th day of August, 2024.

_____
Jennifer G. Zipps
United States District Judge